[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This case arises out of a motor vehicle accident which allegedly occurred on or about June 17, 1989. The defendant New England Air Balance Inc. is alleged to be the owner of the vehicle operated by the defendant Gary K. Robinson. The defendant New England Air Balance Inc. moves to strike plaintiff's claim for double or treble damages on the ground that such damages are not permitted against a party that is only vicariously liable through ownership.
The basis of the defendant's motion is that it is a long-established rule that damages are generally not awarded on the basis of vicarious liability alone. See Maisenbacker v. Society Concordia, 71 Conn. 369, 378-79 (1898). However, Connecticut General Statutes section 52-183 states that "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment." Conn. Gen. Stat. sec. 52-183 (emphasis added).
When confronted with this same issue one court has recently held that "the presumption of such [owner's] liability for reckless operation is raised by Conn. Gen. Stat. sec. CT Page 123452-183." Courtois v. Carr, 5 Conn. L. Rptr. No. 12, 330, 331 (January 6, 1992, Corrigan, J.). Therefore, the court in Carr allowed the plaintiff to seek double or treble damages based on a claim of vicarious liability.
Accordingly, the motion to strike is denied.
JOHN M. BYRNE JUDGE, SUPERIOR COURT